ROBERT SCOTT

v.

SYLVESTER FLEMING.

</div>

SLANDER.—An instruction in a case of slander that before the appellant can make out his pleas of justification he must prove them beyond a reasonable doubt, is erroneous, being in opposition to Section 3, of Chapter 126, of the Revised Statutes.

APPEAL from the Circuit Court of Mercer county; the Hon. A. A. SMITH, Judge, presiding. Opinion filed December 4, 1885.

Mr. B. C. TALIAFERRO, for appellant.

Mr. JOHN C. PEPPER, for appellee.

LACEY, P. J. This was an action in case by the appellee against the appellant, charging the appellant with slander.

The declaration contained two counts. In the first the actionable words were, " He, appellee, took the stand and swore to a d—d lie, before Esquire Austin. That he took the stand and swore to G-d d—d lies, and would take the stand and swear to G-d d—d lies."

The second count charges that appellant said and concerning appellee, that " You swore a d—d lie on me in Chicago in the whisky matter. You swore to a d—d lie, etc." To this declaration, and each count thereof, appellant interposed the plea of the general issue, and two pleas of justification to the second count of the declaration, setting up and charging that appellee did commit perjury in his testimony in the whisky case before the United States Commissioner in Chicago. That he swore that he purchased the whisky from appellant, when in fact, appellant purchased the whisky for him as his agent. Issue was joined on all the pleas.

The record shows that there was evidence introduced before the jury, tending to sustain the pleas of justification to the second count, and that the case was fairly submitted to the jury on the proof adduced on these issues as well as the other, and was of such a character that the appellant was entitled to have the law laid down correctly as to the degree of proof required to sustain it.

But the court in its fifth and other instructions, told the jury in very positive and clear language, reciting all the particulars, that before appellant could make out his pleas of justification, he must prove them beyond a reasonable doubt, and this is the main cause assigned for error. This was, as is ad-

Scott v. Fleming.

mitted by appellee's counsel, erroneous and in entire opposition to the statute, section 3, chapter 126, of which provides that, "In actions for slander or libel, an unproved allegation of truth of the matter charged, shall not be deemed proof of malice, unless the jury on the whole case find that such defense was made with malicious intent, and it shall be competent for the defendant to establish the truth of the matter charged by a preponderance of the testimony."

Appellee's counsel claims that neither counsel nor court remembered the statute at the time the instructions were given.

The instruction, however, was erroneous and in contravention of the statute, and for that reason the judgment must be reversed, unless we can see that the judgment ought to stand, notwithstanding the instruction, and this must be clear.

Appellee claims that there was no proof to sustain the pleas of justification, but we think in this he is mistaken. If what the appellant testified to was true, and of this the jury had a right to judge, he only acted as the agent of appellee in buying the whisky, whereas, the latter testified he purchased the whisky of the appellant. It is insisted that even if this were so it did not prove the intent on the part of the appellee to commit perjury, but the question of intent is one for the jury, and the question of degree of proof was very material.

It is claimed that there was one good count in the declaration to which there was no plea of justification, to wit, the first count; and even if there had been made out a justification to the charge in the second count, there must be a recovery, and hence the verdict should be sustained. A complete answer to this position is, that the jury might not have deemed the charge proven under the first count, and second, even if proven, it can not be known how much damage it would have awarded in case they had found the issues on the pleas of justification for appellant, and the issues on the first count in the declaration in favor of appellee.

We might with great reason suppose in such case, the damages would have been only nominal.

For these reasons the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.